UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROVIO ENTERTAINMENT CORPORATION,

*Plaintiff*

v.

ACE AIR ART INFLATABLE DECORATIONS STORE, ACLE STORE, ANIMATION EXPERT STORE, BINLE ADVERTISING INFLATABLE STORE, BRINGHAPPY STORE, CICI'S INFLATABLES CO., LTD., DANYANG SHANGKE INDUSTIAL & TRADE CO., LTD., DAONE STORE, DONGGUAN GMI ELECTRONIC CO., LTD., DONGGUAN QUNYI TECHNOLOGY CO., LTD., FUNNYTOY STORE, GUANGDONG TIANFENG FOOD CO., LTD., GUANGZHOU KAKI CRAFTS CO.,LTD, GUANGZHOU WOTUO TECHNOLOGY CO., LTD., GUANGZHOU YUTO ANIMATION TECHNOLOGY CO., LTD., HASBROANIME FIGURES TOY STORE, HUIZHOU YIYANG SPORTS PRODUCTDS CO., LTD., JURENQIMO STORE, KEYBOARD MOUSE MAT STORE, KIDS CLOTHES FACTORY FROM CHINA STORE, MIAYII EWS BABY STORE, MODEL CAR PARK STORE, OKWW STORE, PLSTAR COSMOS KIDS CLOTHING NO-2 STORE STORE STORE, POWELL STORE, PUFA FACTORY STORE, RAINHEMIAA 03 STORE, SHANGHAIINFLATABLE STORE, SHENZHEN BEILE INFLATABLES CO., LIMITED, SHENZHEN POTSDAM TECHNOLOGY CO., LTD., SHOP1100035186 STORE, SHOP5209001 STORE, TOBFASION DESIGN STORE, XIN LAN 66 STORE, XYXBB MODEL STORE, YANTAI DECO INFLATABLE CO., LTD., YANTAI HELLO INFLATABLES CO., LTD., YELLOWPOD B STORE, YI AN CLOTH STORE, YUN SHANG YOUPIN (HANGZHOU) TEXTILE TECHNOLOGY CO.,LTD., YUTO

22-cv-4139 (JMF)

**PRELIMINARY INJUNCTION ORDER**

(GUANGZHOU) AMUSEMENT EQUIPMENT CO., LTD. and ZORORONG NO.6 STORE,

*Defendants*

# GLOSSARY

| Term | Definition |
|---|---|
| **Plaintiff or Rovio** | Rovio Entertainment Corporation |
| **Defendants** | Ace Air Art Inflatable Decorations Store, ACLE Store, Animation Expert Store, BinLe advertising inflatable Store, BringHappy Store, Cici's Inflatables Co., Ltd., Danyang Shangke Industial & Trade Co., Ltd., daone Store, Dongguan GMI Electronic Co., Ltd., Dongguan Qunyi Technology Co., Ltd., FunnyToy Store, Guangdong Tianfeng Food Co., Ltd., Guangzhou KaKi Crafts Co.,Ltd, Guangzhou Wotuo Technology Co., Ltd., Guangzhou Yuto Animation Technology Co., Ltd., HasbroAnime Figures Toy Store, Huizhou Yiyang Sports Productds Co., Ltd., jurenqimo Store, Keyboard Mouse Mat Store, Kids Clothes Factory From China Store, Miayii Ews Baby Store, Model car Park Store, OKWW Store, PLstar cosmos Kids Clothing NO-2 Store Store Store, Powell Store, Pufa Factory Store, Rainhemiaa 03 Store, shanghaiinflatable Store, Shenzhen Beile Inflatables Co., Limited, Shenzhen Potsdam Technology Co., Ltd., Shop1100035186 Store, Shop5209001 Store, TOBFASION DESIGN Store, xin lan 66 Store, Yantai Deco Inflatable Co., Ltd., Yantai Hello Inflatables Co., Ltd., yellowpod b Store, Yi An cloth Store, Yun Shang Youpin (Hangzhou) Textile Technology Co.,Ltd., Yuto (guangzhou) Amusement Equipment Co., Ltd. and Zororong No.6 Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Avenue, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets |

| | |
|---|---|
| | (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Raitanen Dec.** | Declaration of Minna Raitanen in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Angry Birds** | A puzzle video game, where players use a slingshot to launch birds at pigs stationed at various structures with the ultimate goal of destroying all the pigs |
| **Angry Birds Products** | A wide variety of consumer products such as toys, games and apparel associated with and/or related to the Angry Birds Marks |
| **Angry Birds Content** | Various entertainment (including the *Angry Birds Movie* in 2016 and *Angry Birds Movie 2 in 2019*), consumer product in brand licensing and over a dozen different versions, special editions and spin-offs of the Angry Birds game for various platforms |
| **Angry Birds Marks** | U.S. Trademark Registration Nos.: 4,200,545, 4,148,716, and 3,976,576 for "ANGRY BIRDS" for a wide variety of goods in Classes 8, 9, 16, 20, 21, 25, 30, 36 and 41; 6,331,350, 4,252,003, 4,145,113 and 3,988,064 for , for a wide variety of goods in Classes 3, 9, 14, 16, 18, 21, 24, 25, 28, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,493,031 for , for a wide variety of goods in Classes 9, 16, 18, 20, 23, 28 and 41; 4,489,982 for , for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 35, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,489,981 for  for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,489,980 for  for a wide variety of goods in Classes 9, |

|  | 16, 28 and 41; 4,489,979 for ![bird] for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,486,763 for ![bird] for a wide variety of goods in Classes 9, 16, 18, 25, 28, 30, 32, 36 and 41; 4,486,762 for ![bird] for goods in Class 28; 4,545,679 for ![bird] for a wide variety of goods in Classes 9, 16, 28 and 43; 4,545,680 for ![bird] for a wide variety of goods in Classes 9, 16, 18, 20, 28 and 41; 4,843,434 for ![bird] for a wide variety of goods in classes 3, 5, 9, 14, 16, 18, 20, 21, 24, 25, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,493,055 for ![pig], for a wide variety of goods in Classes 9, 16, 28 and 41; 4,557,817 for ![bird], for a wide variety of goods in Classes 9, 16, 25, 28 and 41; 4,946,692 for "HOCKEYBIRD", for a wide variety of goods in classes 16, 24 and 25;  4,152,185 for "MIGHTY EAGLE", for a wide variety of goods in Class 28; 4,162,825 for "BAD PIGGIES", for a wide variety of goods in Class 9 and 4,607,595 for "ROVIO", for a wide variety of goods in classes 9, 16, 28, 35, 36, 38 and 41 |
| --- | --- |
| **Counterfeit Products** | Products bearing or used in connection with the Angry Birds Marks, and/or products in packaging and/or containing labels bearing the Angry Birds Marks, |

|  | and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Angry Birds Marks and/or products that are identical or confusingly or substantially similar to the Angry Birds Products |
|---|---|
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are |

|  | hereinafter identified as a result of any order entered in this action, or otherwise |
|---|---|

WHERAS, Plaintiff having moved *ex parte* on May 20, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, on that same day, May 20, 2022, the Court entered an Order granting Plaintiff's Application ("TRO") which ordered Defendants to appear on June 3, 2022 at 1:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on May 30, 2022, Plaintiff filed a letter requesting to modify and extend the TRO;

WHEREAS, on May 31, 2022, the Court entered an order rescheduling the Show Cause Hearing to June 16, 2022 at 4:30 p.m. and extending the TRO to the date of the Show Cause Hearing ("May 31, 2022 Order");

WHEREAS, on June 8, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application and the May 31, 2022 Order on each and every Defendant;

WHEREAS, on June 16, 2022 at 4:30 p.m. Plaintiff appeared at the Show Cause Hearing, however no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of

the following acts or omissions pending the final determination of this action:

i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Angry Birds Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Angry Birds Marks;

ii. directly or indirectly infringing in any manner Plaintiff's Angry Birds Marks;

iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Angry Birds Marks, to identify any goods or services not authorized by Plaintiff;

iv. using Plaintiff's Angry Birds Marks or any other marks that are confusingly similar to the Angry Birds Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and

<blockquote>Defendants' commercial activities and Plaintiff;</blockquote>

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final determination of this action:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

      ii.    secreting, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

      iii.    knowingly instructing, aiding or abetting any person or business entity in engaging in any of the activities referred to in subparagraphs 1(i) through 1(vii) above and 1(b)(i) through 1(b)(ii) above and 1(c)(i) below.

  c)  Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final determination of this action:

      i.    Providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

      ii.    knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(i) through 1(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

  a)  within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying

information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of the litigation, including that:

4. Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   a) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert and participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   b) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts including, but not limited to, documents and records relating to:

      i.   account numbers;

    ii.    current account balances;

    iii.    any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    iv.    any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    v.    any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    vi.    any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

    vii.    any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

c) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers served with this Order shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or

abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

   i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

   ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Angry Birds Marks and/or marks that are confusingly similar to, identical to and constitute an infringement of the Angry Birds Marks.

5. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on

Defendants if it is completed by any of the following means:

    a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to Paragraph V(C) of the TRO; or

    b) delivery of a message to Defendants through the same means that Plaintiff's agents have previously communicated with Defendants, namely the system for communications established by the Third Party Service Providers on their respective platforms and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. As sufficient cause has been shown, service of this Order may be made on the Third Party Service Providers and Financial Institutions by any of the following means:

    a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

    b) delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website where

        AliPay.com Co., Ltd, Ant Financial Services will be able to download a PDF copy of this Order via electronic mail to members of the Legal & Compliance Department – IP, including Joyce Xiang, joyce.xiang@antgroup.com, Ann, wb-wny616059@antgroup.com, and Yuki, wb-yj965636@antgroup.com;

   c) delivery of: (i) a PDF copy of this Order; or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Ms.Rachel Wang, Legal Counsel, Alibaba Group at rachel.wy@alibaba-inc.com and Ms. Yujuan He, Paralegal, Alibaba Group at chloe.he@alibaba-inc.com;

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and subpoenas@payoneer.com and Holly Clancy and Melissa Godwin, counsel for Payoneer Inc., at Holly.Clancy@us.dlapiper.com and Melissa.Godwin@us.dlapiper.com, respectively; and

   e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to legal@pingpongx.com.

8. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

9. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11. Any Defendants or other person or entity subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

12. Plaintiff shall submit a status report no later than seven days after Defendants' answer deadline.

**SO ORDERED.**

SIGNED this 16 day of June, 2022, at 4:45 pm.
New York, New York

_____
HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE