UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROVIO ENTERTAINMENT
CORPORATION,

                      Plaintiff,

-against-

ACE AIR ART INFLATABLE
DECORATIONS STORE, et al.,

                      Defendants.

1:22-cv-04139 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On May 20, 2022, Plaintiff commenced this action alleging that Defendants have sold counterfeit products on Alibaba and/or AliExpress using Plaintiff's Angry Birds brand without permission. *See* ECF No. 9 ("Compl.") ¶¶ 1, 28, 33. Plaintiff filed a motion for default judgment, and supporting documents, on October 5, 2022. *See* ECF Nos. 29-32. The Court scheduled a show cause hearing for January 17, 2023 on Plaintiff's motion for default judgment. *See* ECF No. 38. Because legal issues potentially dispositive of Plaintiff's motion are currently pending before the Second Circuit Court of Appeals in *Smart Study Co. LTD v. Acuteye-US*, No. 22-1810, (2d Cir. Aug. 18, 2022), as set forth below, the January 17, 2023 hearing is hereby adjourned and this matter is STAYED.

**DISCUSSION**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (internal quotation marks omitted). In determining whether to enter a stay, "courts in this district consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously

with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020).  A court may "properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *Id*. at 527 (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)).  "The power to stay proceedings can be exercised *sua sponte*." *Cracco v. Vance*, No. 14-cv-08235 (PAC), 2018 U.S. Dist. LEXIS 34546, at *4 (S.D.N.Y. Mar. 2, 2018); *Plaintiffs #1-21 v. Cty. of Suffolk*, 138 F. Supp. 3d 264, 279 (E.D.N.Y. 2015) (same).

      Here, the balance of interests in this case favors a stay because the Second Circuit Court of Appeals is considering resolution of an important issue of law bearing on this action.  In *Smart Study Co. v. Acuteye-Us*, the District Court for the Southern District of New York denied the plaintiff's motion for default judgment because, although the court had earlier permitted alternative service by email for purposes of the plaintiff's motion for a temporary restraining order, it determined that "service by email on individuals or entities located in China is not permitted under the [Hague Convention] or the Federal Rules of Civil Procedure . . . ."  No. 21-cv-05860 (GHW), 2022 WL 2872297, at *1 (S.D.N.Y. July 21, 2022).  The court therefore lacked personal jurisdiction over the foreign defendants and denied the plaintiff's motion for default judgment. *Id*. at *14-15.  Plaintiff appealed that decision to the Second Circuit and that appeal is currently pending. *See Smart Study Co. LTD v. Acuteye-US*, No. 22-1810, (2d Cir. Aug. 18, 2022).

      The outcome of the appeal in *Smart Study Co.* could impact Plaintiff's motion in this case.  As in *Smart Study Co.*, Plaintiff here – represented by the same counsel as the plaintiff in *Smart Study Co.* – sought and obtained on May 20, 2022 a temporary restraining order that

authorized service on individuals or entities located in China by electronic means.  *See* ECF No. 8 ¶ IV.  The district court issued its decision in *Smart Study Co.* on July 21, 2022.  *See* 2022 WL 2872297, at *1.  On October 5, 2022, Plaintiff moved for default judgment here.  *See* ECF No. 29.  Plaintiff recognizes the relevance of *Smart Study Co.* on this case in its default judgment briefing and that *Smart Study Co.* is on appeal.  *See* ECF No. 31 at 5 n.6.

This Court agrees with the reasoning of the district court in several similar cases brought by Plaintiff's counsel in which the court recently entered a stay pending *Smart Study Co*.  *See, e.g.*, *FoxMind Canada Enterprises Ltd. v. Badouyu Intelligent Iot Tech. (Suzhou) Co.*, No. 22-cv-0885 (VSB), 2022 WL 17812661, at *2 (S.D.N.Y. Dec. 7, 2022) (*sua sponte* staying proceedings); *Spin Master Ltd. v. Chakaruna4169*, No. 22-cv-00553 (JPC), 2022 U.S. Dist. LEXIS 230755, at *3 (S.D.N.Y. Dec. 22, 2022); *Allstar Mktg. Grp., LLC v. akrondh*, No. 21-cv-03621 (JPO), 2022 WL 17324939, at *2 (S.D.N.Y. Nov. 29, 2022).

The Court finds that, "[t]hough *Smart Study Co.* and this case are not related matters, a stay is appropriate."  *Allstar Mktg. Grp., LLC*, 2022 WL 17324939, at *1.  "It is in Defendants' interests that default not be entered before the Second Circuit clarifies Defendants' rights under the Hague Convention and Federal Rules of Civil Procedure."  *FoxMind Canada Enterprises Ltd.*, 2022 WL 17812661, at *2.  It is in the Court's interest "to receive clarity on whether alternative service via email was sufficient" to establish personal jurisdiction over the defendants located in China.  *Id*. (internal citation omitted).  It is in the interests of non-parties and the public that the Second Circuit clarify the treaty obligations of the United States and the People's Republic of China for purposes of service under the Hague Convention.  *See id*.  And it is in Plaintiff's interest that this action be stayed because, "although Plaintiff in this case has not sought a stay . . . clarification from the Second Circuit will offer guidance to Plaintiff on how

3

and whether it may serve the motion for default judgment." *Id*. (internal brackets and citation omitted).

Accordingly, the Court finds that entering a stay is warranted. *See, e.g.*, *Louis Vuitton Malletier S.A.*, 676 F.3d at 96.

## CONCLUSION

For the reasons stated above, this action is stayed. The Clerk of Court is respectfully directed to mark this case as STAYED and terminate any open motions and adjourn all court appearances. Plaintiff shall serve Defendants with this Order by **January 13, 2023** and file proof of such service by that same day. Plaintiff shall further, **within seven calendar days** of the Second Circuit's decision in *Smart Study Co. LTD v. Acuteye-US*, No. 22-1810 (2d Cir. Aug. 18, 2022), file a letter providing a status update on this case, including whether the stay should be lifted, whether Plaintiff intends to continue prosecuting this case, and proposed next steps.

Dated: January 10, 2023
      New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge