

February 14, 2024

**VIA ECF**
Hon. Jennifer L. Rochon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007

The request is **GRANTED**.  Plaintiff shall file its motion for default judgment on or before **March 22, 2024**.

Dated: February 15, 2024
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

      Re:    *Rovio Entertainment Corp. v. Ace Air Inflatable Decorations Store, et al.*
             Case No. 22-cv-4139 (JLR)
             <u>Letter Regarding Stay and Request for Extension of Time</u>

Dear Judge Rochon,

      We represent Plaintiff Rovio Entertainment Corporation ("Plaintiff") in the above-referenced action (the "Action").[1] On November 22, 2023, the Court entered an Order permitting Plaintiff to conduct an updated investigation into the remaining Defendants' addresses and file a renewed motion for default judgment, detailing the updated results of its address investigation by February 20, 2023. (Dkt. 52). For the reasons set forth herein, Plaintiff respectfully requests (1) that the stay in this Action remain in place as to thirty-five (35) of the Defendants and (2) an extension of time to file its motion for default judgment as to four (4) of the Defendants, until March 22, 2024.

      Since Plaintiff's November 21, 2023 letter (Dkt. 51), Plaintiff has performed updated diligence to determine whether it was able to locate true and correct physical addresses for the thirty-nine (39) Defendants remaining in the Action. The platforms on which Defendants operated their Merchant Storefronts, Alibaba and AliExpress, did not provide Plaintiff with Defendants' physical addresses, despite being ordered to do so in the TRO and PI Order. However, Epstein Drangel, on behalf of Plaintiff, compiled a list of Defendants' addresses as displayed on Defendants' Merchant Storefronts and requested that Epstein Drangel's Beijing office research the addresses provided, if any, and attempt to locate addresses for those Defendants who did not display complete and/or accurate addresses on their Merchant Storefronts. Epstein Drangel's Beijing office performed an investigation of the Defendants' addresses via three (3) Chinese search engines for providing company registration information.[2]

---

[1] Where a defined term is referenced herein but not defined, it should be understood as it is defined in the Glossary in the Complaint.
[2] Epstein Drangel's Beijing office used baidu.com, QiChaCha, i.e. qcc.com and the National Enterprise Credit Information Publicity System (https://www.gsxt.gov.cn/index.html) to investigate Defendants' addresses.

From this search, of the thirty-nine (39) Defendants remaining in the Action, Epstein Drangel's Beijing office located what appear to be accurate addresses for all but four (4) of the remaining Defendants.[3] With respect to the thirty-five (35) Defendants for whom Plaintiff has discovered physical addresses, Plaintiff respectfully requests that the stay in this Action be continued pending the outcome of *Smart Study Co., Ltd. v. Acuteye-US*, Case No. 21-cv-5860 (GHW) (S.D.N.Y. 2021) (hereinafter "*Smart Study*"). By Order dated November 16, 2023, Judge Woods granted Smart Study's motion for default judgment against all defendants remaining in *Smart Study* except for two (2) defendants who Smart Study located addresses for. (*Smart Study*, Dkt. 134). Thereafter, Judge Woods dismissed the two (2) defendants from the action. (*Smart Study* Dkt. 143). Accordingly, Smart Study is in the process of appealing Judge Woods' dismissal of the two (2) defendants. (*Smart Study* Dkt. 146). Plaintiff therefore respectfully requests that the stay in this Action be continued as to the thirty-five (35) Defendants for whom it was able to locate addresses pending the outcome in *Smart Study* and proposes to provide a status update to the Court every ninety (90) days.

With respect to the four (4) Defendants for which Plaintiff was unable to locate physical addresses, and therefore to which the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters does not apply, Plaintiff respectfully requests an extension of time to file its motion for default judgment. In accordance with Your Honor's Individual Rules of Practice, Plaintiff respectfully submits the following:

1. **The original due date, the date or dates sought to be extended, and the new date the party now seeks through an adjournment or extension:** Currently, Plaintiff's deadline to file for default judgment is February 20, 2024. Plaintiff respectfully requests an extension of its deadline to file its motion for default judgment until March 22, 2024.
2. **The number of previous requests for adjournment or extensions of time:** None, this is the first request for an extension of time for Plaintiff to file its motion for default judgment.
3. **Whether those previous requests were granted or denied:** N/A
4. **Whether the adversary consents:** None of the Defendants have appeared in the Action, thus Plaintiff did not seek their consent.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Gabriela N. Nastasi
Gabriela N. Nastasi
gnastasi@ipcounselors.com
60 East 42nd Street, Suite 1250

---

[3] Danyang Shangke Industial & Trade Co., Ltd., Dongguan Qunyi Technology Co., Ltd., Guangzhou Wotuo Technology Co., Ltd. and Rainhemiaa 03 Store

Hon. Jennifer L. Rochon
February 14, 2024
Page 3 of 3

        New York, NY 10165
        Telephone: (212) 292-5390
        Facsimile: (212) 292-5391
        *Attorneys for Plaintiff*
        *Rovio Entertainment Corporation*

