Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*Rovio Entertainment Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROVIO ENTERTAINMENT CORPORATION,<br><br>*Plaintiff*<br><br>v.<br><br>ACE AIR ART INFLATABLE DECORATIONS STORE, ACLE STORE, ANIMATION EXPERT STORE, BINLE ADVERTISING INFLATABLE STORE, BRINGHAPPY STORE, CICI'S INFLATABLES CO., LTD., DANYANG SHANGKE INDUSTIAL & TRADE CO., LTD., DAONE STORE, DONGGUAN GMI ELECTRONIC CO., LTD., DONGGUAN QUNYI TECHNOLOGY CO., LTD., FUNNYTOY STORE, GUANGDONG TIANFENG FOOD CO., LTD., GUANGZHOU KAKI CRAFTS CO.,LTD, GUANGZHOU WOTUO TECHNOLOGY CO., LTD., GUANGZHOU YUTO ANIMATION TECHNOLOGY CO., LTD., HASBROANIME FIGURES TOY STORE, HUIZHOU YIYANG SPORTS PRODUCTDS CO., LTD., JURENQIMO STORE, KEYBOARD MOUSE MAT STORE, KIDS CLOTHES FACTORY FROM CHINA STORE, MIAYII EWS BABY STORE, MODEL CAR PARK STORE, OKWW STORE, PLSTAR COSMOS KIDS CLOTHING NO-2 STORE STORE STORE, POWELL | CIVIL ACTION No.<br>22-cv-4139 (JLR)<br><br>~~[PROPOSED]~~<br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

STORE, PUFA FACTORY STORE, RAINHEMIAA 03 STORE, SHANGHAIINFLATABLE STORE, SHENZHEN BEILE INFLATABLES CO., LIMITED, SHENZHEN POTSDAM TECHNOLOGY CO., LTD., SHOP1100035186 STORE, SHOP5209001 STORE, TOBFASION DESIGN STORE, XIN LAN 66 STORE, XYXBB MODEL STORE, YANTAI DECO INFLATABLE CO., LTD., YANTAI HELLO INFLATABLES CO., LTD., YELLOWPOD B STORE, YI AN CLOTH STORE, YUN SHANG YOUPIN (HANGZHOU) TEXTILE TECHNOLOGY CO.,LTD., YUTO (GUANGZHOU) AMUSEMENT EQUIPMENT CO., LTD. and ZORORONG NO.6 STORE,

*Defendants*

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Rovio** | Rovio Entertainment Corporation | N/A |
| **Defendants** | Ace Air Art Inflatable Decorations Store, ACLE Store, Animation Expert Store, BinLe advertising inflatable Store, BringHappy Store, Cici's Inflatables Co., Ltd., Danyang Shangke Industial & Trade Co., Ltd., daone Store, Dongguan GMI Electronic Co., Ltd., Dongguan Qunyi Technology Co., Ltd., FunnyToy Store, Guangdong Tianfeng Food Co., Ltd., Guangzhou KaKi Crafts Co.,Ltd, Guangzhou Wotuo Technology Co., Ltd., Guangzhou Yuto Animation Technology Co., Ltd., HasbroAnime Figures Toy Store, Huizhou Yiyang Sports Productds Co., Ltd., jurenqimo Store, Keyboard Mouse Mat Store, Kids Clothes Factory From China Store, Miayii Ews Baby Store, Model car Park Store, OKWW Store, PLstar cosmos Kids Clothing NO-2 Store Store Store, Powell Store, Pufa Factory Store, Rainhemiaa 03 Store, shanghaiinflatable Store, Shenzhen Beile Inflatables Co., Limited, Shenzhen Potsdam Technology Co., Ltd., Shop1100035186 Store, Shop5209001 Store, TOBFASION DESIGN Store, xin lan 66 Store, XYXBB Model Store, Yantai Deco Inflatable Co., Ltd., Yantai Hello Inflatables Co., Ltd., yellowpod b Store, Yi An cloth Store, Yun Shang Youpin (Hangzhou) Textile Technology Co.,Ltd., Yuto (guangzhou) Amusement Equipment Co., Ltd. and Zororong No.6 Store | N/A |
| **Defaulting Defendants** | Danyang Shangke Industial & Trade Co., Ltd., Dongguan Qunyi Technology Co., Ltd., Guangzhou Wotuo Technology Co., Ltd. and Rainhemiaa 03 Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | AliExpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers | |

i

| | across the world and specifically to consumers residing in the U.S., including New York | |
|---|---|---|
| **Sealing Order** | Order to Seal File entered on May 19, 2022 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on May 20, 2022 | Dkt. 9 |
| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on May 20, 2022 | Dkts. 14-16 |
| **Raitanen Dec.** | Declaration of Minna Raitanen in Support of Plaintiff's Application | Dkt. 16 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 15 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 20, 2022 | Dkt. 8 |
| **PI Show Cause Hearing** | June 16, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | June 16, 2022 Preliminary Injunction Order | Dkt. 4 |
| **Angry Birds Products** | A puzzle video game, where players use a slingshot to launch birds at pigs stationed at various structures with the ultimate goal of destroying all the pigs | N/A |
| **Angry Birds Marks** | U.S. Trademark Registration Nos.: 4,200,545, 4,148,716, and 3,976,576 for "ANGRY BIRDS" for a wide variety of goods in Classes 8, 9, 16, 20, 21, 25, 30, 36 and 41; 6,331,350, 4,252,003, 4,145,113 and 3,988,064 for [red bird image], for a wide variety of goods in Classes 3, 9, 14, 16, 18, 21, 24, 25, 28, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,493,031 for [black bird image], for a wide variety of goods in Classes 9, 16, 18, 20, 23, 28 and 41; 4,489,982 | N/A |

for ![bird], for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 35, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,489,981 for ![bird] for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,489,980 for ![pig] for a wide variety of goods in Classes 9, 16, 28 and 41; 4,489,979 for ![bird] for a wide variety of goods in Classes 3, 5, 9, 14, 15, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 36, 38, 41 and 43; 4,486,763 for ![bird] for a wide variety of goods in Classes 9, 16, 18, 25, 28, 30, 32, 36 and 41; 4,486,762 for ![bird] for goods in Class 28; 4,545,679 for ![bird] for a wide variety of goods in Classes 9, 16, 28 and 43; 4,545,680 for ![bird] for a wide variety of goods in Classes 9, 16, 18, 20, 28 and 41; 4,843,434 for ![bird] for a wide variety of goods in classes 3, 5, 9, 14, 16, 18, 20, 21, 24, 25, 27, 28, 29, 30,

| | | |
|---|---|---|
| | 32, 33, 34, 35, 36, 38, 41 and 43; 4,493,055 for ![pig], for a wide variety of goods in Classes 9, 16, 28 and 41; 4,557,817 for ![bird], for a wide variety of goods in Classes 9, 16, 25, 28 and 41; 4,946,692 for "HOCKEYBIRD", for a wide variety of goods in classes 16, 24 and 25; 4,152,185 for "MIGHTY EAGLE", for a wide variety of goods in Class 28; 4,162,825 for "BAD PIGGIES", for a wide variety of goods in Class 9 and 4,607,595 for "ROVIO", for a wide variety of goods in classes 9, 16, 28, 35, 36, 38 and 41 | |
| **Counterfeit Products** | Products bearing or used in connection with the Angry Birds Marks, and/or products in packaging and/or containing labels bearing the Angry Birds Marks, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Angry Birds Marks and/or products that are identical or confusingly or substantially similar to the Angry Birds Products | |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |

iv

| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
|---|---|---|
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Defendants' Frozen Assets** | Defendants' Assets from Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on March 22, 2024 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Angry Birds Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

## II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of Fifty-Thousand

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

($50,000.00) against each of the four (4) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants who receive actual notice of this Order are permanently enjoined and restrained from engaging in any of the following acts or omissions in the United States (with the exception of the acts and omissions described in paragraphs F and G below, which shall apply worldwide):

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Angry Birds Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Angry Birds Marks;

   B. directly or indirectly infringing in any manner Plaintiff's Angry Birds Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Angry Birds Marks to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Angry Birds Marks, or any other marks that are confusingly similar to the Angry Birds Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

2

      manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

  F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

  G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks or other rights including, without limitation, the Angry Birds Marks, or bear any marks that are confusingly similar to the Angry Birds Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts;

    B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets and Defaulting Defendants' Financial Accounts; and

    C. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A)-(B) above.

## IV.  Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.  Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and


3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this __21__ day of __November__, 2024, at __11:35__ _a_.m.

_Jennifer Rochon_
_____
HON. JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE

5